UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SABLE NETWORKS, INC. AND SABLE IP, LLC,<br><br>       *Plaintiffs*,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>       *Defendant*. | Civil Action No. 6:20-cv-00288-ADA |

**DEFENDANT CISCO SYSTEMS, INC.'S
MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR
WILLFUL INFRINGEMENT AND ENHANCED DAMAGES**

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND.................................................................................................2

III. LEGAL STANDARD.............................................................................................................4

IV. ARGUMENT..........................................................................................................................5

    A. Sable Fails To Plausibly Allege That Cisco Had Pre-Suit Corporate Knowledge Of The Asserted Patents ........................................................................5

    B. Sable Fails To Plausibly Allege That Cisco Knew, Or Should Have Known, Of The Alleged Infringement...................................................................8

    C. Sable Fails To Plausibly Allege Any Egregious Conduct By Cisco .......................9

V. CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
   No. 13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ........................................... 6, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................ 4, 10

*Bushnell Hawthorne, LLC v. Cisco Systems, Inc.*,
   No. 1:18-cv-760, 2019 WL 8107921 (E.D. Va. Feb. 26, 2019) ............................................... 8

*Carlton v. Freer Inv. Group, Ltd.*,
   2017 WL 11046201 (W.D. Tex. Aug. 8, 2017) ........................................................................ 4

*Finjan, Inc. v. Cisco Sys., Inc.*,
   No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) .................................... 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ................................................................................................ 5, 8, 9, 10

*Inhale, Inc. v. Gravitron, LLC*,
   2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ........................................................................ 5

*Intellectual Ventures I, LLC v. VMware, Inc.*,
   No. 1:19-cv-01075-ADA, Dkt. No. 48 (W.D. Tex. Feb. 19, 2020) ...................................... 2, 6

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) .......................... 2, 5, 10

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ..................... passim

*Parus Holdings Inc. v. Apple Inc., et al.*,
   No. 6:19-cv-00432-ADA, Dkt. No. 107 (W.D. Tex. Feb. 19, 2020) ........................................ 5

*Princeton Dig. Image Corp. v. Ubisoft Entm't SA*,
   No. 13-333-LPS-CJB, 2017 WL 63337188 (D. Del. Dec. 12, 2017) ....................................... 6

*Reardean v. CitiMortgage, Inc.*,
   2011 WL 3268307 (W.D. Tex. July 25, 2011) ......................................................................... 4

# TABLE OF AUTHORITIES (cont'd)

**Pages**

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1986) .................................................................................................. 7

*Valinge Innovation AB v. Halstead New England Corp.*,
  2018 WL 2411218 (D. Del. May 29, 2018) ............................................................................ 5, 8

*VLSI Tech., LLC v. Intel Corp.*,
  2019 U.S. Dist. LEXIS 155285 (W.D. Tex. Aug. 6, 2019) ........................................................ 5

**Statutes**

35 U.S.C. § 284 .................................................................................................................... 1, 2, 3, 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 2, 4

Fed. R. Civ. P. 8(a)(2) ...................................................................................................................... 4

**I.      INTRODUCTION**

Defendant Cisco Systems, Inc. ("Cisco") moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Sable Networks, Inc. and Sable IP, LLC's (collectively, "Sable") claims for willful infringement and enhanced damages under 35 U.S.C. § 284. Sable does not and cannot allege that it had *any* pertinent contact with Cisco before filing the Complaint. Sable does not and cannot allege that it ever sent Cisco a single letter or e-mail, placed a single call, or sought a single meeting. Sable does not and cannot allege that it ever identified any patents to Cisco, let alone accused Cisco of infringement, before filing the Complaint. Sable chose to file its Complaint as a surprise—unexpectedly and without warning. Having done so, Sable does not and cannot plead the facts necessary to proceed with claims for willful infringement and enhanced damages.

To state a claim for willful infringement, "a plaintiff must allege facts plausibly showing that *as of the time of the claim's filing*, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (emphasis added). Sable fails to allege facts plausibly showing each of these required elements.

*First*, Sable fails to plausibly allege that Cisco had knowledge of the six asserted patents prior to Sable's filing of the Complaint. Sable's primary allegation—that Cisco had knowledge of an asserted patent "since at least *service of this Complaint or shortly thereafter*" (Dkt. 1, ¶¶ 116, 138, 160, 185, 211, 235 (emphasis added))—does not purport to show that Cisco knew about the patent *before* Sable filed the Complaint. Sable's only attempt to allege pre-suit knowledge consists of conclusory assertions that somewhere in Cisco's thousands of patents are generic citations to the Asserted Patents. (Dkt. 1, ¶¶ 117, 139, 161, 186, 212, 236.) But the Court has rejected the argument that a company has corporate knowledge of every reference cited on the face of every

patent that the company has ever owned: "The fact that [the defendant] may have gone and gotten a patent and *somewhere in one of those patents, they identify the patent that is being … asserted, that's not going to be good enough for me for actual notice*." *Intellectual Ventures I, LLC v. VMware, Inc.*, No. 1:19-cv-01075-ADA, Dkt. No. 48, at 5 (W.D. Tex. Feb. 19, 2020) (Ex. 1).[1]

*Second*, the Complaint suffers from an even more fatal flaw—it does not plausibly plead that Cisco had pre-suit knowledge of the alleged *infringement*. Sable's willful infringement claims consist of nothing more than the boilerplate, conclusory assertion that each asserted patent was "well-known within the industry as demonstrated by multiple citations to the [patent]." (Dkt. 1, ¶¶ 119, 141, 163, 188, 214, 238.) These assertions do not plausibly show that Cisco "knew, or should have known, that its conduct amounted to *infringement* of the patent." *Parity Networks*, 2019 WL 3940952, at *3.

*Finally*, Sable fails to allege any facts plausibly showing egregious conduct by Cisco, as required for enhanced damages under 35 U.S.C. § 284. Sable merely parrots the legal standard of *Halo* itself. (Dkt. 1, ¶¶ 119, 141, 163, 188, 214, 238.) That is not enough. *See Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3-4 (W.D. Tex. Nov. 30, 2018) (dismissing willful infringement claim where pleadings "do[] not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"). Thus, the Court should dismiss Sable's willful infringement claims for each asserted patent under Fed. R. Civ. P. 12(b)(6).

## II.    FACTUAL BACKGROUND

On April 13, 2020, Sable filed a complaint alleging that Cisco has infringed United States Patent Nos. 6,954,431 ("the '431 patent"); 6,977,932 ("the '932 patent"); 7,012,919 ("the '919 patent"); 7,428,209 ("the '209 patent"); 8,085,775 ("the '775 patent"); and 8,817,790 ("the '790

---

[1] All exhibits cited in this brief are exhibits to the declaration of Leslie M. Spencer. Unless otherwise indicated, all emphasis is added.

patent") (collectively, "the Asserted Patents"). (Dkt. 1.) Sable also purports to allege willful infringement and seeks enhanced damages under 35 U.S.C. § 284. (*Id*. (Prayer For Relief).)

With respect to Cisco's purported knowledge of the patents, Sable alleges that Cisco has had knowledge of the Asserted Patents "since at least ***service of this Complaint or shortly thereafter***." (Dkt. 1, ¶¶ 116, 138, 160, 185, 211, 235.) Sable's ***only*** attempt to allege that Cisco had pre-suit knowledge of an Asserted Patent consists of repeating the following boilerplate allegation that patents owned by Cisco include generic citations to Asserted Patents:

> Alternatively, Cisco has had knowledge of [Asserted Patent] since at least [issuance date of alleged Cisco patent], based on its citation of [Asserted Patent] as relevant prior art in [] patents that are assigned to and owned by Cisco.

(Dkt. 1, ¶¶ 117, 139, 161, 186, 212, 236.)[2] Sable pleads no facts in support of these bare allegations. Sable does not specify the source or context of the patent citations, such as whether the citation originated from the patent examiner rather than Cisco, nor any purported significance of any Asserted Patent relative to the thousands of patents cited as prior art in the thousands of patents owned by Cisco.

And even more critically, Sable alleges no facts showing that Cisco knew or should have known that its conduct amounted to patent ***infringement***. Sable does not (and cannot) plead that it sent Cisco any pre-suit notice of infringement, such as a demand letter, or that Cisco otherwise knew or should have known of any infringement. Indeed, Sable's only attempt to allege willful infringement consists of the conclusory assertion that each Asserted Patent was "well-known within the industry as demonstrated by multiple citations to the [patent]." (Dkt. 1, ¶¶ 119, 141,

---

[2] In addition, Sable's boilerplate allegations demonstrably misstate the record. For example, Paragraph 117 alleges that "U.S. Patent No. 7,773,610…cites the '431 patent as relevant prior art." (Dkt. 1, ¶ 117.) But the '431 patent appears nowhere in U.S. Patent No. 7,773,610. (Ex. 2). And Paragraph 236 alleges that a Cisco patent includes a "citation of the '790 patent application"—not the actually-issued '790 patent itself. (Dkt. 1, ¶ 236.)

3

163, 188, 214, 238.)  In short, Sable merely asserts that the patent itself was "well-known"—not that Cisco knew or should have known of any patent ***infringement***.

Furthermore, with respect to the nature of Cisco's conduct, Sable's willful infringement allegations baldly parrot the legal standard of the Supreme Court's *Halo* decision:

> Cisco is infringing [patent] in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

(Dkt. 1, ¶¶ 119, 141, 163, 188, 214, 238.)  Sable pleads no factual allegations that purport to show that Cisco's conduct has in fact been willful or otherwise egregious.

### III.  LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "every element of each cause of action must be supported by specific factual allegations." *Carlton v. Freer Inv. Group, Ltd.*, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017) (*quoting Reardean v. CitiMortgage, Inc.*, 2011 WL 3268307, at *2 (W.D. Tex. July 25, 2011)).  Setting aside "formulaic recitation of the elements of a cause of action" and accepting well-pled factual allegations as true, a claim must present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. 662 at 678.  As such, claims must allege facts that "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To state a plausible claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or

should have known, that its conduct amounted to infringement of the patent." *Parity Networks*, 2019 WL 3940952, at *3 (*quoting Valinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)). "[A] plaintiff should plead willfulness with sufficient articulation of the relevant facts." *Id.* at *3; *see also Inhale, Inc. v. Gravitron, LLC*, 2018 WL 7324886, *3-4 (W.D. Tex. Dec. 10, 2018) (dismissing willful infringement claims when the complaint's allegations of pre-suit knowledge were merely "'legal conclusion[s] couched as … factual allegations[s]' that the court need not accept as true").

35 U.S.C. § 284 "gives district courts the discretion to award enhanced damages against those guilty of patent infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). *Halo* explained that enhanced damages under § 284 were "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior" and "should generally be reserved for egregious cases typified by willful misconduct." *Id.* at 1932, 1934. *Halo* further cautioned that enhanced damages should not be awarded in "garden-variety" cases. *Id*. at 1935.

Courts in this district routinely grant motions to dismiss claims for willful infringement and enhanced damages. *E.g., Meetrix IP,* 2018 WL 8261315, at *3-4; *Inhale,* 2018 WL 7324886, at *3-4; *VLSI Tech., LLC v. Intel Corp.*, 2019 U.S. Dist. LEXIS 155285, *2 (W.D. Tex. Aug. 6, 2019); *Parus Holdings Inc. v. Apple Inc., et al.*, No. 6:19-cv-00432-ADA, Dkt. No. 107, at 35-36, 46-48 (W.D. Tex. Feb. 19, 2020) (Ex. 1).

IV. **ARGUMENT**

    A. **Sable Fails To Plausibly Allege That Cisco Had Pre-Suit Corporate Knowledge Of The Asserted Patents**

As a threshold requirement for stating a claim for willful infringement, "a plaintiff must allege facts plausibly showing that ***as of the time of the claim's filing***, the accused infringer … knew of the patent-in-suit." *Parity Networks*, 2019 WL 3940952, at *3. A plaintiff can impart

5

knowledge by, for example, sending a letter to a defendant that provides notice of the patent before filing a complaint. *See id.* at *3.

Here, Sable does not and cannot plead that it provided Cisco with pre-suit notice of any Asserted Patent. Sable chose to file its Complaint as a surprise. Instead, Sable speculates that Cisco had pre-suit knowledge of the Asserted Patents based on a legally-insufficient, bare-bones assertion that somewhere in Cisco's thousands of patents, which in turn collectively include thousands of generic citations to various prior art, are purported citations to the Asserted Patents. (Dkt. 1, ¶¶ 117, 139, 161, 186, 212, 236.)

This Court, however, recently rejected this very theory in dismissing a claim for willful infringement. In *Intellectual Ventures I, LLC v. VMWare, Inc.*, this Court found that the mere existence of citations to an asserted patent in a defendant-owned patent was "not going to be good enough" to provide pre-suit awareness of the patent for purposes of pleading willful infringement:

> [For] arguments on infringement, contributory infringement, willful infringement, and some of the others, in terms of notice[,] … [t]he fact that [the defendant] ***may have gone and gotten a patent and somewhere in one of those patents, they identify the patent that is being … asserted***, ***that's not going to be good enough for me for actual notice***. I think there needs to be some kind of formal notice. And it might not have to be the old-fashioned send a letter, notice, or anything like that, but ***there actually needs to be some notice of an awareness of the patent for the period [of pre-suit knowledge] to begin running***.

*Intellectual Ventures I, LLC,* No. 1:19-cv-01075-ADA, Dkt. 48, at 4-5 (Ex. 1). Courts in this District have similarly dismissed claims for indirect infringement that relied on this same theory:

> ***There is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents*** that would be generated in many cases based on the listing of a patent on the face of another patent.

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13-CV-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014); *see also Princeton Dig. Image Corp. v. Ubisoft Entm't SA*, No. 13-333-LPS-CJB, 2017 WL 63337188, at *1 (D. Del. Dec. 12, 2017) (dismissing indirect and willful

6

infringement claims because "allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent"). Thus, Sable's allegation that Cisco had pre-suit corporate knowledge of the Asserted Patents because somewhere in the thousands of patents owned by Cisco are generic citations to the Asserted Patents (among thousands of other patents cited in the thousands of patents owned by Cisco) does not suffice to plead pre-suit knowledge of a patent.

In addition to being legally insufficient—which alone warrants dismissal—Sable's allegations are further flawed because they are bald, conclusory, and in no way pleaded "with sufficient articulation of the relevant facts." *Parity Networks,* 2019 WL 3940952, at *3. Indeed, as discussed above, Sable's conclusory allegation that "U.S. Patent No. 7,773,610…cites the '431 patent as relevant prior art" is demonstrably false. (*Compare* Dkt. 1, ¶ 117 *with* Ex. 2.) And Sable's speculation that Cisco had knowledge of the '790 patent improperly rests on a purported "citation of the '790 patent application"—not the '790 patent. (Dkt. 1, ¶ 236.) Sable's attempt to infer pre-suit knowledge is thus even more speculative. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1986) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it. ... Filing an application is no guarantee any patent will issue, and ... [w]hat the scope of claims in patents that do issue will be is something totally unforeseeable.").

Finally, Sable's remaining allegation that the Asserted Patents are "well-known within the industry" and cited in other companies' patents is even further afield. (Dkt. 1, ¶¶ 36, 47, 60, 73, 86, 97, 119, 141, 163, 188, 214, 238.) Sable pleads no supporting facts for these conclusory allegations. In any event, such allegations concern other companies—not Cisco.

In sum, Sable does not and cannot plead the facts necessary to plausibly show that Cisco actually had pre-suit corporate knowledge of any of the Asserted Patents, let alone all of them.

### B. Sable Fails To Plausibly Allege That Cisco Knew, Or Should Have Known, Of The Alleged Infringement

The Complaint also fails in an even more critical way—Sable fails to plead facts plausibly showing that Cisco knew, or should have known, that its conduct amounted to patent *infringement*.

To state a claim for willful infringement, the plaintiff must plead facts showing that the accused infringer not only knew of the asserted patent but also "knew, or should have known, that *its conduct amounted to infringement of the patent*." *Parity Networks,* 2019 WL 3940952, at *3; *accord Bushnell Hawthorne, LLC v. Cisco Systems, Inc.*, No. 1:18-cv-760, 2019 WL 8107921, at *1 (E.D. Va. Feb. 26, 2019) (plaintiff must also allege "facts showing that the defendant was put on notice or was otherwise subjectively aware of the risk that its conduct constituted *infringement*"). Mere knowledge of the patent is not enough. *See Halo*, 136 S. Ct. at 1936 ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more*") (Breyer, J., concurring) (emphasis in original). Rather, "there must be some other factual allegations that go to the accused infringer's subjective intent to *infringe*—i.e., that plausibly demonstrate that the accused infringer not only knew of the patent-in-suit, but also knew or should have known that what it was doing (and what it continued to do) amounted to infringement of that patent." *Valinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *13 (D. Del. May 29, 2018). As such, the plaintiff must also "demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).

Here, Sable alleges *no* facts to plausibly demonstrate that Cisco knew, or should have known, that its conduct amounted to *infringement* of any of the Asserted Patents. Sable does not

8

and cannot plead that it ever sent Cisco any pre-suit notice of infringement or otherwise accused Cisco of infringing any Asserted Patent before filing this Complaint. Sable does not even plead that it had *any* pre-suit contact with Cisco at all. Nor does Sable plead any other fact purporting to show that Cisco knew, or should have known, that its conduct amounted to patent infringement.

As discussed above, Sable simply alleges that Cisco knew ***about the Asserted Patents*** by virtue of alleged generic citations in Cisco's patents and their purportedly "well-known" nature. (Dkt. 1, ¶¶ 119, 141, 163, 188, 214, 238.) Even assuming (contrary to legal precedent) that this allegation sufficed to show that Cisco knew about the patents themselves, it in no way shows that Cisco also knew, or should have known, that it was purportedly *infringing* any patent. Sable fails to plead any facts establishing the required link between any purported knowledge of a *patent* and any purported knowledge of patent *infringement*.

In short, pre-suit knowledge of *infringement*—beyond mere knowledge of the patent—is a fundamental element of a willfulness claim. Sable does not plead *any* pre-suit facts showing that Cisco knew, or should have known, that its conduct amounted to patent infringement. For this additional critical reason, Sable fails to plead the facts necessary to plausibly show that Cisco willfully infringed the Asserted Patents.

      **C.**    **Sable Fails To Plausibly Allege Any Egregious Conduct By Cisco**

While the above pleading deficiencies alone warrant dismissal of Sable's willful infringement claim, Cisco further notes that Sable has not pleaded any Cisco conduct that could plausibly be construed as egregious for purposes of enhanced damages. *See Halo*, 136 S. Ct. at 1934 (instructing that enhanced damages "should generally be reserved for egregious cases typified by willful misconduct"). Instead, Sable's allegations merely parrot the language of *Halo* in reciting that "Cisco is infringing … in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate." (Dkt. 1, ¶¶ 119,

9

141, 163, 188, 214, 238.); *Halo*, 136 S. Ct. at 1936.  These are conclusory, formulaic recitations of the legal standard—not factual allegations.  *Twombly*, 550 U.S. at 555 ("[P]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do.").

This Court's guidance does not expressly state that a willfulness claim must allege egregious conduct, but expresses that "a plaintiff should plead willfulness with sufficient articulation of the relevant facts."  *Parity Networks,* 2019 WL 3940952, at *3.  Other courts have required that willful infringement pleadings allege facts plausibly showing the egregious conduct required for enhanced damages.  *See, e.g., Meetrix IP*, 2018 WL 8261315, at *3-4 (dismissing willful infringement claim when the pleadings "do[] not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"); *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (dismissing willful infringement claim when the plaintiff failed to make "sufficient factual allegations to make it plausible that Cisco engaged in 'egregious' conduct that would warrant enhanced damages under *Halo*").

As discussed above, Sable does not and cannot plead that it ever provided Cisco with any pre-suit notice of any Asserted Patent, let alone pre-suit notice of infringement.  Instead, Sable filed its complaint as a surprise. Unsurprisingly, Sable does not and cannot plead any facts showing any egregious conduct by Cisco and instead, improperly, recites the legal standard of *Halo* itself.

In sum, Sable has pleaded a garden-variety patent infringement case.  Sable's complaint contains no allegations of egregious conduct as to warrant enhanced damages.  *See Halo*, 136 S. Ct. at 1935 (cautioning that enhanced damages should not be awarded in "garden-variety" cases).

**V.   CONCLUSION**

For the foregoing reasons, Cisco respectfully requests that this Court grant this motion to dismiss Sable's claims for willful infringement and enhanced damages.

Dated: June 19, 2020 Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

John M. Desmarais (*pro hac vice forthcoming*)
jdesmarais@desmaraisllp.com
Tamir Packin (*pro hac vice forthcoming*)
tpackin@desmaraisllp.com
Leslie M. Spencer (*pro hac vice forthcoming*)
lspencer@desmaraisllp.com
Jordan N. Malz (*pro hac vice forthcoming*)
jmalz@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
Tel. (212) 351-3400
Fax: (212) 351-3401

*Counsel for Cisco Systems, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 19th day of June, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).

>  /s/ Melissa R. Smith
>  Melissa R. Smith